CASE 31—MOTION—JUNE 22.

# Phoenix Insurance Co., et al., v. McKernan, et al.

MOTION ON APPEAL FROM LOGAN CIRCUIT COURT.

SUPERSEDEAS—AFTER AFFIRMANCE.—The execution of a supersedeas bond is not sufficient to stay the execution of a judgment. The issual and service of a supersedeas is necessary for that purpose. And after a judgment has been affirmed this court will not, on appellee's motion, order a supersedeas issued, merely that it may have a pretext for awarding damages.

WILBUR F. BROWDER, FOR APPELLEES, FOR THE MOTION.

1. The motion was entered in this case before a final determination by this court of the appeal. In the interest of justice and fair dealing, the court should permit supersedeas bonds to be filed herein, a supersedeas to issue upon each of said bonds and ten per cent damages be awarded upon same.

2. These bonds were executed in the clerk's office of the court below more than one hundred and twenty days after granting the appeal, and, therefore, the appellee was not bound to take notice of the filing.

Citations: Long & Co. v. Kerrigan, 13 Ky. Law Rep., 433; Doty v. Trustees of Berea College, 12 Ky. Law Rep., 964; Roach v. Royal, 8 Ky. Law Rep., 960; Bergen v. Farmers & Traders Bank, 9 Ky. Law Rep., 194; Civil Code, secs. 763, 737, 760; C., N. O. & T. P. Ry. Co. v. Clark, 11 Ky. Law Rep., 808; German

Phoenix Insurance Co., et. al., v. McKernan, et. al.

Ins. Co. v. Miller, 12 Ky. Law Rep., 138; Whitehead v. Boorom, 7 Bush., 399; Lindon v. Sewell, 5 Ky. Law Rep., 304.

W. P. SANDIDGE FOR APPELLANTS AGAINST THE MOTION.

1. The bonds were not a part of the record at the time the opinion was delivered.

2. No supersedeas was ever issued.

Citations:　Roach v. Royall, 8 Ky. Law Rep., 960; Bergen v. Farmers & Traders Bank, 9 Ky. Law Rep., 194; Whitehead v. Boorom, 7 Bush, 399; Jones v. Green, 12 Bush, 128; Civil Code, sec. 747; Reed v. Lander, 5 Bush, 598.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

May 25, 1898, the judgment in each of these cases was affirmed, [46 S. W., 10], and June 14th appellees moved this court to permit them to file a certified copy of each of three supersedeas bonds executed and filed in the Logan Circuit Court clerk's office September 23, 1896, and, upon the filing of said bonds, to direct either the clerk of the court or clerk of Logan Circuit Court to issue a supersedeas on each of said bonds, and to award appellee 10 per cent. damages on the amount of each of said judgments. Section 764 provides that upon affirmance of a judgment for payment of money, the collection of which, in whole or part, has been superseded, ten per cent. damages on the amount superseded shall be awarded against the appellant. Of course, damages can not be awarded unless the judgment appealed from has been superseded; for if the appellee has not been prevented during pendency of the appeal from enforcing, by the usual and proper proceedings, collection or satisfaction of his judgment, he has sustained no damage by reason of the appeal. And, in order to stay proceedings on a judgment appealed from, a supersedeas must be issued; the mere execution of a supersedeas bond being

ineffectual for that purpose, as expressly provided by section 747. Indeed, the motion now before us is made upon the assumption that the order of supersedeas must precede the award of damages we are asked to make. There appears to have been an execution on each of the three judgments duly issued, and returned, "No property found;" and thereafter supersedeas bonds were executed, and filed in the Circuit Court clerk's office, but never filed in the clerk's office of the Court of Appeals. Appellants, however, did not, nor were they required to, apply for a supersedeas; and manifestly this court cannot—now the judgment has been affirmed, and there is no legal obstacle in the way of collection or satisfaction of it—on appellees' own motion, order a supersedeas issued, merely that we may have a pretext for awarding damages. Motion overruled.