## Thompson, et al. v. Haden, et al.

(Decided November 23,.1917.)

## (On Motion for Rule of Contempt.)

1. Contempt—Failure to Surrender Possession of Land—Supersedeas.—The defendants in an action whose lease of certain land and a coal mine was cancelled by the judgment rendered in the action, and which judgment ordered the surrender by them to the plaintiffs, lessors, of the leased premises in a given time, were not, by reason of their failure to surrender the possession of the leased premises as ordered by the judgment, guilty of a contempt of the judgment or court rendering it, where they availed themselves of the right of appeal granted them by the judgment, and, preparatory to its proper prosecution, executed before the expiration of the time given to surrender the property in the office of the clerk of the court rendering the judgment, and before that officer, a supersedeas bond and caused supersedeas to be duly served upon the plaintiffs.

2. Appeal and Error—Supersedeas Bond.—The legal effect of a supersedeas bond and service of the supersedeas is to suspend the judgment appealed from and stay all proceedings thereunder, pending the appeal. As long as the supersedeas bond is sufficient to secure the appellees they have no cause of complaint that it operates as a suspension of the judgment. If the appellants should fail to perfect their appeal prayed in the lower court within the time allowed by the provisions of the Civil Code, the appellees may by motion in the Court of Appeals have the supersedeas discharged with damages; but after a judgment has been superseded no further steps can be taken to enforce it until the appeal is disposed of.

HURBERT MERIDETH for appellants.

D. M. ROLL and LAFFOON & WADDILL for appellees.

Opinion by Chief Justice Settle—Overruling motion for rule.

In this case, styled J. M. Thompson and others, appellants, v. J. C. Haden and others, appellees, though a transcript of the record necessary to an appeal has not been filed in the office of the clerk of the Court of Appeals, the appellees, after due notice thereof to the appellants, have entered in this court a.motion for a rule against the latter to show cause, if-any they have, why they should not be punished for contempt because of their failure to surrender to appellees the possession of certain lands in Muhlenberg county, and the coal mines situated thereon, as ordered by a judgment of the Muhlenberg circuit court; and, also, why they should not yet and in the immediate future surrender the possession of the lands and mines in question to appellees. The appellants filed a demurrer and response to the motion and the case has been submitted upon the issues thereby presented for our decision.

It appears from the record before us that appellees own the legal title to a considerable body of coal land in Muhlenberg county which they leased to appellants for a term of fifty years, in consideration of the undertaking of the latter to mine and sell the coal thereon in a workmanlike manner and up to a certain capacity; also to pay appellees certain royalties on the coal mined, and specified rents on several houses located on the land. After appellants had occupied the land and operated the mines for some years, appellees, complaining that they had violated the terms of the lease in various particulars and were committing waste and injuring the property, brought an action in equity against them in the Muhlenberg circuit court for a forfeiture of the lease and to recover the leased premises, rents and damages. Upon the trial the circuit court granted appellees the relief prayed to the extent of cancellation of the lease, but awarded them no damages. The judgment in cancelling the lease ordered appellants to surrender to appellees the leased premises within ten days from September 14, 1917. The judgment was entered September 15, 1917, and it recites that it was excepted to by appellants and an appeal granted them. On September 21, 1917, six days after the judgment was rendered, a supersedeas bond was duly executed by the appellants in the office of the clerk of the circuit court, and before that officer, immediately following which the supersedeas was issued and served upon

the appellees.   Only one term of the Court of Appeals has passed since the appeal was granted and the appellants may yet prosecute the appeal granted them by the circuit court by filing in the office of the clerk of the Court of Appeals a transcript of the record twenty days before the beginning of the January term, 1918, of this court.

The supersedeas bond seems to be correct in its terms and in the form required by section 748, Civil Code, and we do not find that any complaint is made by appellees of the solvency of the surety.

It is patent from the facts stated that appellees have shown no legal grounds for the granting of the rule moved for.

Appellants' continued occupation of the leased premises and operation of the coal mines under the circumstances here presented, is in no sense a contempt.   The legal effect of the execution of the supersedeas bond and service of the supersedeas was and is to stay all proceedings under the judgment of the circuit court pending the appeal; in other words, the effect of a supersedeas is to preserve the *status in quo* pending the determination of the appeal, and as long as the supersedeas bond is sufficient to secure the appellees they have no cause of complaint that it operates as a suspension of the judgment appealed from.   2 Cyc. 908; Runyon v. Bennett, 4 Dana 598; Johnson v. Williams, &c., 82 Ky. 45; Elizabethtown, &c., R. R. Co. v. Ashland, &c., R. R. Co., 94 Ky. 478; May v. Commonwealth, 160 Ky. 785; Hall v. Smith, McKinney Co., 162 Ky. 189.   If the appellants should fail to perfect their appeal prayed in the lower court within the time allowed by the provisions of the Civil Code, the appellees may, as allowed by section 757, Civil Code, by motion in this court have the supersedeas discharged with damages. Fuson v. Lambdin, 23 R. 840; L. & N. R. R. v. Lucas, 27 R. 769; City v. Elrod, 14 Bush 216.   After a judgment has been superseded no further steps can be taken to enforce it until the appeal is disposed of.   Weber v. Tanner, 23 R. 1107; Townsend v. Gorin, 144 Ky. 671.

There is nothing in this case to distinguish it from any other case in which the enforcement of the judgment appealed from has been prevented by the execution of a supersedeas bond and issuance of a supersedeas.

We are also without power to compel the appellants by injunction to surrender to appellees the leased premises.   No injunction was granted by the circuit court and the Court of Appeals is without original jurisdiction to

grant an injunction. The court or any judge thereof may dissolve or modify an injunction granted by the circuit court or reinstate an injunction dissolved by that court, but its jurisdiction goes no further. It is true that section 747, Civil Code, does not allow the execution of a supersedeas bond or a service of a supersedeas to apply to judgments granting, modifying, perpetuating or dissolving injunctions, and that where an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction, the Court of Appeals, or any judge thereof, may revise the order of the lower court and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. But the power thus given the Court of Appeals, or a judge thereof, cannot be exercised where there was no injunction granted, modified, perpetuated or dissolved by the circuit court. Obviously, this court is without authority to grant appellees any relief under the section, *supra,* because, as already stated, no injunctive relief was given them by the judgment of the circuit court. The supersedeas bond executed by the appellants fully protects the appellees against the loss or damage claimed to be apprehended by them.

For the reasons indicated, the demurrer of appellants to the motion for the rule asked by appellees is sustained, the motion overruled, and rule refused.