## Smith v. Ferguson, et al.

(Decided March 5, 1920.)

### Appeal from Whitley Circuit Court.

1. Pleading—Inconsistency in Pleading—Motion to .Elect.—Alleged inconsistency in a pleading is properly reached by a motion to elect, and not by demurrer or motion to strike.
2. Ejectment—Defense of Undue Influence and Mental Incapacity—Findings.—Where in an action of ejectment the answer set up several defenses, such as non ·est factum, fraud, undue influence and mental incapacity. and there was proof to support said defenses, judgment of the chancellor dismissing the petition and cancelling the deed will not 'be disturbed.  -

HENRY C. GILLIS for appellant.

TYE, SILER and GATLIFF for appellees.

OPINION OF THE COURT BY ˙JUDGE QUIN—Affirming.

This is an action of ejectment instituted by appellant to recover the possession of a certain described tract of land.  Joseph Faulkner died testate August 6, 1912, at the age of 82 years, a resident of Whitley  county,  the owner of real and personal property.  He had nine children, five of whom, together with a number of grandchildren, survived him.  He left an estate inventoried at $3,573.46.  During the major portion of the last thirteen years of his life a granddaughter, Amanda Branham, took care of decedent until his death, and of his wife until her death in November, 1911.  As a reward for her faithful services decedent conveyed  to  said granddaughter a part of his farm, including the dwelling house and orchard, but this is not involved here.

By his will dated December 6, 1911, Joseph Faulkner disposed of his property among the several heirs therein named, but by express provision he left nothing to his son, Richard, and a daughter, Jane Jones.

The will was admitted to probate. Richard and Jane filed suit to contest it on the grounds of mental incapacity and undue influence. The will was sustained by a jury. Thereafter defendants (appellees) took possession of the entire property of decedent.

Claiming to be the owner of about sixty acres of the land formerly owned by decedent, plaintiff instituted this suit to secure possession thereof. She claimed title under a deed dated November 28, 1911, wherein for the recited consideration of $100.00 to be paid by plaintiff to Jane Jones, decedent undertook to convey to plaintiff the said tract of sixty acres. The plaintiff is the granddaughter of decedent, the daughter of Richard Faulkner, who at the time of the execution of the deed was a deputy county clerk and in this capacity took the acknowledgment of his father to the deed. Decedent executed the deed by making his mark. Several defenses were relied on, to-wit: *non est factum,* fraud, undue influence and mental incapacity. The case was submitted to the chancellor, who ordered a dismissal of the petition and a cancellation of the deed.

It is first urged by plaintiff that the court erred in overruling her demurrer and motion to strike from the amended answer each paragraph thereof except the plea of *non est factum,* the ground of the demurrer and motion being that the pleadings were inconsistent. (Civil Code, sec. 113, subsec. 4.) Without passing upon the merits of this contention we deem it sufficient to say that neither a demurrer nor motion to strike was the proper remedy. This should have been by motion to elect. Having failed to file such motion plaintiff waived the right to complain of said alleged error or inconsistency. L. & N. R. R. Co. v. Kimbrough, 115 Ky. 512, 74 S. W. 229; Brashears v. Combs, 174 Ky. 344, 192 S. W. 482. Nor was it incumbent upon the court, in the absence of said motion, to order or require an election.

It is next urged that the certificate of acknowledgment being in proper form this was *prima facie* evidence of the true execution of the deed. By section 3760 of the Kentucky Statutes it is provided that a certificate of an official shall not be called in question except upon the allegation of fraud in the party benefited thereby. There is a direct charge here that the deed to plaintiff was obtained through the fraud of her father and that in reality he was the person affected and the one who would re-

ceive the benefits, and that the deed was prepared without his daughter's knowledge or consent. The chancellor found against the plaintiff and in defendant's favor. Upon which one or more of the defenses the judgment was rested does not appear, but we find no ground for setting the judgment aside.

There are many things found in the record supporting the defense. The deed to plaintiff was executed before her father as deputy clerk just eight days before the execution of the will. The deed was signed by mark, but his name was signed to the will, and the evidence substantially shows that decedent could write his name. In affixing his name to the will one letter was left out of his given name. For a year prior to the execution of the deed decedent had been in feeble health and practically confined to his room. There had been some feeling between decedent and his son Richard, and his son-in-law, Ike Jones, husband of his daughter Jane. Ike Jones and decedent had disagreed on many things; decedent and his son Richard had had a lawsuit, the latter having sued his father on a transaction growing out of the father's suretyship for his son, and in which suit decedent recovered a judgment against his son Richard on a counterclaim.

Though executed in November, 1911, it does not appear that Richard Faulkner mentioned the deed to his daughter for some two or three months thereafter, and it is rather significant the deed was not recorded for almost a year after it was executed, and more than three months after the death of Joseph Faulkner.

Richard Faulkner testified in the suit instituted by himself and sister to set aside their father's will, and to sustain the allegation of their petition, he testified that his father did not have sufficient mind to make a will, and that he took the deed as a protection. In the present case he testified that in his judgment his father was feeble, and his mind was bad, and that at the time he executed the deed and the will he did not have sufficient mind to do either.

It is well settled in this state that where the evidence is conflicting, and the questions of fact by reason thereof difficult of solution, if upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment, the chancellor's findings will not be disturbed.

But there is no doubt in our mind as to the soundness of the judgment. The chancellor had ample ground for his conclusions and they will not be disturbed.

The judgment is affirmed.