## Mann v. Woodward.

(Decided November 30, 1926.)

### Appeal from Henderson Circuit Court.

1. Automobiles—Question of Whose Negligence Caused Collision Between Automobile and Buggy at Intersection Held for Jury.— In action for damages from collision of automobile and buggy at street intersection, question of whose negligence caused accident held for jury.

2. Evidence—Exclusion of Answer to Question Whether Defendant could have Stopped Car and Prevented Accident Held Proper, as Calling for Conclusion and Being Argumentative.—Excluding answer to question whether defendant saw plaintiff in buggy in time to stop car held proper, as being argumentative and calling for conclusion and matter covered being for jury.

3. Appeal and Error—Sustaining Objection to Leading Question Held Not Prejudicial, where Court Permitted Witness to Answer Question when Properly Put.—Sustaining objection to leading question whether defendant put on brakes before striking plaintiff's buggy held not prejudicial, where court permitted witness to answer same question when properly put.

4. Appeal and Error—Exclusion of Answer to Question as to Place of Collision Between Automobile and Buggy Held Not Prejudicial to Defendant, in View of Contradictory Prior Testimony.—After testimony by defendant that collision between buggy and automobile occurred at northeast corner of intersection, exclusion of answer to question whether defendant struck plaintiff on southeast corner of intersection held not prejudicial to defendant.

5. Evidence—Nonexpert Witness Cannot Testify Whether Defendant could have Avoided Collision After Buggy Drove in Front of Automobile.—Witness, not qualified as expert, cannot testify whether defendant in automobile colliding with buggy could have avoided accident after buggy drove in front of him; question being for jury.

6. Pleading—Answer of Automobile Driver, Relying on Ordinance, but Not Setting it Out, Held Demurrable as Pleading a Conclusion. —Answer of automobile driver relying on ordinance as giving him right of way over plaintiff's buggy at street intersection, and not setting out ordinance and facts bringing his case within it, held demurrable as pleading a conclusion.

7. Automobiles—Vehicle Approaching From Right on Superior Class Highway has no Greater Rights Under Statute (Kentucky Statutes, Section 2739g-37).—Kentucky Statutes, section 2739g-37, regulating right of way at intersections, does not give vehicle operator approaching from right any greater rights because he is on superior class highway.

8. Automobiles—Answer Held Insufficient to Show Defendant Automobile Driver had Right of Way at Intersection Because on Superior Class Highway (Kentucky Statutes, Section 2739g-37).— In action for damages from collision between plaintiff's buggy and defendant's automobile at intersection, answer that defendant was entitled to right of way because on superior class highway not showing that he was nearer to intersection than plaintiff, though he was on plaintiff's right, held insufficient in view of Kentucky Statutes, section 2739g-37.

9. Automobiles—That Defendant Automobile Driver Had Right of Way at Intersection May be Shown Under General Denial (Kentucky Statutes, Section 2739g-37).—In action for damages from collision between buggy and automobile at intersection, that defendant had right of way under Kentucky Statutes, section 2739g-37, may be shown under general issue.

10. Pleading—When Pleading is Insufficient, Better Practice is to Sustain Demurrer and Give Pleader Opportunity to Amend, Rather Than to Sustain Motion to Strike.—When pleading is insufficient, better practice is to sustain demurrer in order to give pleader opportunity to amend, rather than to sustain motion to strike.

11. Appeal and Error—Striking Allegation in Answer as to Right of Way in Automobile Collision Action Held Not Prejudicial, where no Amendment was Possible.—Striking allegation in answer, in action for damages from collision between buggy and automobile at intersection, that defendant was on superior class highway, giving him right of way under Kentucky Statutes, section 2739g-37, held not prejudicial since no amendment was possible and defendant could still introduce evidence as to right of way.

12. Automobiles—Refusal to Charge that Driver of Automobile Colliding with Buggy at Intersection Had Right of Way Held Proper Under Evidence.—In action for damages from collision between automobile and buggy at intersection, refusal to charge that defendant had right of way held not error under evidence.

13. Appeal and Error—Refusal of Instruction, in Automobile Collision Case at Intersection, Imposing Duty on Plaintiff to Keep Lookout, Held Not Prejudicial in View of Evidence and Instruction.—In action for damage from collision between buggy and automobile at intersection, refusal of instruction imposing duty on plaintiff to

keep lookout held not prejudicial, where general contributory negligence instruction was given and evidence indicated plaintiff had right of way.

14. Trial—Concrete, Rather Than General, Instruction on Contributory Negligence Should Be Given.—It is better practice to give concrete instruction on contributory negligence, rather than general instruction on question.

15. Trial—Instruction Permitting Recovery for Accident Held Not Erroneous as Assuming that Plaintiff Exercised Ordinary Care.—Instruction that "if jury believed from evidence" that defendant failed to perform duties required, and as direct result, while plaintiff was exercising ordinary care, accident occurred, plaintiff could recover, held not erroneous as assuming that plaintiff was exercising ordinary care.

16. Automobiles—Instruction on Negligence of Driver of Automobile Colliding with Buggy at Intersection Held Proper Under Evidence.—Since, in action for damages for collision between buggy and automobile at intersection, even if plaintiff was negligent, it was question for jury as to whether defendant, using ordinary care, could have seen horse and buggy far enough away to avoid collision by use of ordinary care, instruction so qualifying recovery held proper.

17. Pleading—Refusal, in Automobile Collision Case, to Admit Ordinance, Stricken from Answer, Held Proper.—Refusal of court in automobile collision case to admit ordinance held proper, where demurrer to paragraph of answer pleading ordinance had been sustained and no amendment had been made.

HENSON & TAYLOR for appellant.

DORSEY & DORSEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $6,500.00 for personal injuries and damages to appellee's buggy and harness received in an automobile accident alleged to have been caused by the negligence of appellant.

The accident occurred at the intersection of Washington and Green streets in the city of Henderson. At the time of the accident appellee was driving east in a buggy on Washington street and appellant was driving north in an automobile on Green street. According to appellee's evidence, he was driving in a jog to the right of the center of Washington street, and after his horse and the greater portion of his buggy had passed the line of the Green street intersection the collision occurred. The buggy was struck by the automobile just between the two wheels, and the buggy was carried into the curbing

and a telephone post at the northeast corner of the intersection. There were marks on the street from the point of the collision to the place where the buggy was carried. In his judgment appellant was driving about twenty-five miles an hour. No signals were given of his approach and the headlights on the car were not burning. Besides other injuries, appellee sustained a compound fracture of the leg between the ankle and the knee, and it was impossible to set the bone and form a union, with the result that the leg moves like a joint. Since the accident he has been compelled to use crutches. His hospital and physician bill amounted to about $900.00, and he has been prevented from doing any work since the date of the injury.

On the other hand, the evidence for appellant is that about a quarter to eight o'clock on the evening of the accident he started from his home on Green street in his automobile. He had gone only about a square from his home before entering the intersection of Washington and Green streets. He was driving on the right side of the street, which was about fifty feet wide. He had not gone far enough to put his running gear in high, but was running in second, and at the rate of about twelve miles an hour. Before he approached the intersection he blew his horn three or four times. He was looking down the street, and as he approached the intersection he looked both ways before entering. Both lights on his machine were burning. As he entered the intersection appellee, who was proceeding on the left hand side of the intersection, drove his horse and buggy in front of him so suddenly that it was too late for him to stop and avoid the accident. He was not more than twelve feet away when appellee drove in front of him, and he struck appellee near the northeast corner instead of on the southeast corner.

In view of the conflict in the evidence, it was for the jury to say whose fault caused the accident.

While appellant was on the stand the court excluded the answer "No, sir," to the question "Did or did you not see him in time to have stopped your car and prevented the accident?" This was not error. The answer was a conclusion of the witness, and argumentative in character. The question asked whether he saw appellee in time to have stopped his car and prevented the accident was one to be determined by the jury from the facts

which appellant and appellee were permitted to lay before the jury.

In interrogating appellant the following occurred:

"Q. I will get you to state when you first observed him what did you do? Did you put on your brakes or not? (Objection. Sustained. Exception.) Avowal: If witness were permitted to answer he would say that he put on his brakes.

"Q. What did you do with reference to trying to stop your car? A. I put the brakes on immediately."

As the first question was leading in form and the court thereafter permitted the witness to answer the precise question when properly put, there was no error in excluding the answer to the first question.

The refusal to permit appellant to answer the following question is also relied on as error:

"Q. Mr. Woodward said that you struck him on the southeast corner, right there. Is that true or not?"

An examination of appellant's prior evidence shows that he had already detailed the circumstances of the accident and stated positively in the presence of the jury that the accident occurred on the northeast corner of the intersection. That being true, the exclusion of the answer, even if the question were a proper one, could not have been prejudicial to appellant.

Complaint is also made of the refusal of the court to permit the witness, Harness, to answer the following question:

"Q. I will ask you whether or not it was possible for him (defendant) to avoid the accident after Mr. Woodward drove the buggy in front of him?"

As Harness had not qualified as an expert, and had already laid the facts as he saw them before the jury, the question whether it was possible for appellant to avoid the accident after Woodward drove the buggy in front of him was one for the jury and not for the witness. It follows that the answer was properly excluded.

Complaint is made of the action of the court in sustaining a demurrer to the amended answer, which is as follows:

"That under and by the terms and provisions of an ordinance of the city of Henderson, Ky., duly enacted by said city on September 10, 1923, and approved by the mayor of said city on said day, and which became a law and was in full force and effect at the time complained of by plaintiff, this defendant, with his automobile driven by him, had the right of way over the plaintiff and the vehicle driven by plaintiff at the time and place mentioned and complained of by him, and that by and under the terms and provisions of said ordinance it was the duty of plaintiff to have yielded the right of way to the defendant at said time and place, and that also under the provisions of said ordinance it was the duty of plaintiff to drive at said time and place to the right of the center of said street and intersection, yet defendant says that plaintiff unlawfully, carelessly, and negligently failed to perform said duty and observe said requirements and did then and there unlawfully, carelessly and negligently, fail to yield the right of way to this defendant and the automobile driven by him at said time and place, or to drive on the portion of the street to the right of the center thereof; but unlawfully, carelessly, and negligently drove on the portion of said street and intersection to the left of the center thereof and immediately and directly in front of defendant's machine, and that by plaintiff's own unlawful acts, carelessness, and negligence he caused and brought about the accident and injury of which he complains, and that but for plaintiff's own unlawful acts, carelessness and negligence as set out the accident and injuries of which he complains would not have occurred, and plaintiff is therefore barred from any right of recovery against this defendant on account thereof."

Where the operator of an automobile relies on the ordinance of a city and attempts to plead his rights under the ordinance it is not sufficient to allege that under and by its terms he had the right of way over the other party to the action, or that it was the duty of the other party to have yielded the right of way, etc., as this is a mere conclusion of the pleader. On the contrary, he should

set forth the terms of the ordinance and state facts which, if proved, will bring his case within the terms. As he failed to do this, the demurrer was properly sustained.

Section 2739g-37 provides:

"Except where otherwise directed by a traffic officer the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of the intersection of their paths than such firstnamed vehicle. Provided, that a vehicle being operated on any inter-county seat highway, designated state highway or boulevard, or any street which may by ordinance be designated as being equal in importance to a boulevard, shall not be required to observe the foregoing regulation at points where any such above described highway intersects another highway of a lesser class."

Counsel seem to have misapprehended the effect of this provision. It does not give the operator of a vehicle approaching from the right any greater rights because he happens to be on an inter-county seat highway, or other highway, boulevard or street of a superior class. All that the statute means is that the operator of a vehicle approaching from the left shall yield the right of way to a vehicle approaching from the right unless the latter is further from the point of intersection, but that this requirement shall not be observed by the operator of the vehicle approaching from the left if he is on a highway, boulevard or street of a superior class. In view of this construction, it is at once apparent that appellant's attempt to plead in the second paragraph of the answer that he was entitled to the right of way over appellee because he was on a highway of a superior class was wholly unavailing. The only way that he could plead such a right was to allege facts showing that he was on appellee's right, and was nearer to the intersection than appellee. It is doubtless true that the averment that he was going north and appellee was going east was sufficient to show that he was on appellee's right, but the pleading contains no averment as to their respective distances from the intersection, and, that being true, it was insufficient to show that he had the right of way. As we view it, it is not necessary for a defendant in an action

like this to plead facts showing that he had the right of way under the statute, but this may be shown under the general issue. However, a party may plead such facts, if he so desires, but, in that event, his pleading should be sufficient for that purpose. When the pleading is insufficient the better practice is to sustain a demurrer in order to give the pleader an opportunity to amend rather than to sustain a motion to strike the paragraph, but, where the pleader does not attempt to rely on the fact that he was proceeding from the right and was nearer to the intersection than the party with whom he collided, but bases his claim of right of way solely on the ground that he was on a highway of a superior class, and, therefore, on a fact that is wholly immaterial, and which would not permit of an amendment, we are not disposed to hold that the action of the court in sustaining the motion to strike was prejudicial, especially, in view of the fact that appellant still had the right to introduce evidence showing that he was nearer the intersection than appellee and to ask for an instruction on that phase of the case.

Appellant did not attempt to show that as they approached the intersection he was nearer the intersection than appellee. On the contrary, the evidence shows that appellee was driving in a jog, and that appellant, even according to his own evidence, was driving at the rate of about twelve miles an hour, or two or three times as fast as appellee. Thus the physical facts make it clear that appellant was further from the intersection than appellee. That being true, the court did not err in refusing an offered instruction telling the jury that appellant had the right of way, or in failing to prepare and give a more correct instruction submitting that issue to the jury.

Complaint is made of the refusal of the court to give an offered instruction telling the jury in substance that it was the duty of plaintiff in approaching the intersection to keep a lookout for approaching vehicles. Ordinarily, it may be conceded that it is the better practice to give a concrete instruction on contributory negligence rather than a general instruction on the question, but, as the court did give a general instruction, and the situation was such that plaintiff had the right of way over appellant and, therefore, had the right to assume that appellant would yield him the right of way, we conclude that the failure to give the offered instruction was not prejudicial error.

After setting out appellant's duties in instruction No. 1, the court told the jury in instruction No. 2 that if they believed from the evidence on the occasion testified to by the witnesses that appellant failed to exercise or perform the duties imposed on him by instruction No. 1, or any one or more of them and "that as a direct result of such failure, if any, and while the plaintiff was exercising ordinary care for the safety of himself and of his horse and buggy plaintiff's said buggy was struck by said automobile," etc. This instruction is criticised on the ground that it assumed that plaintiff was exercising ordinary care. The instruction is prefaced by the words "if you believe from the evidence that," and on the whole we conclude that the jury could not have failed to understand that they were required to find from the evidence that plaintiff was exercising ordinary care for his own safety before they were authorized to return a verdict in his favor under the instruction.

After specifying the plaintiff's duties in instruction No. 4 and telling the jury that if they believed from the evidence that plaintiff was guilty of negligence in any of the respects mentioned and that but for such negligence on his part the collision would not have happened they should find for the defendant, the court qualified the instruction by the following words: "Unless you shall further believe from the evidence that before the collision the defendant saw, or by the exercise of ordinary care could have seen, the plaintiff Woodward's said horse and buggy far enough in front of him that by the exercise of ordinary care he could have avoided the collision, but failed to do so." In view of the fact that the collision took place on the right hand side of Green street, and therefore beyond the intersection from the direction in which appellee was approaching, and of the further fact that appellant must have been further away than appellee as the latter approached the intersection, it is perfectly clear that even if appellee was guilty of negligence it was a question for the jury as to whether appellant saw or by the exercise of ordinary care could have seen the horse and buggy far enough in front of him to avoid the collision by the exercise of ordinary care. We therefore conclude that the qualification complained of was entirely proper.

Complaint is made of the refusal of the court to permit the ordinance to be introduced in evidence. This was not error, as the court had already sustained a demurrer

to that paragraph of the answer pleading the ordinance, and the paragraph was never amended so as to authorize the introduction of the ordinance in evidence.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.