## Roberts, et al. v. Turk, et al.

(Decided June 12, 1928.)

## Appeal from Carlisle Circuit Court.

1. Appeal and Error.—Where there are two separate judgments in favor of different parties, single appeal may not be taken.

2. Appeal and Error.—Where no appeal has been granted from judgment rendered in favor of party, he is not proper party to appeal.

3. Appeal and Error.—Parties in whose favor judgment has been rendered are proper parties in appeal from that judgment.

4. Appeal and Error.—Where supersedeas bond was executed in circuit court and supersedeas issued after time for filing copy of record in office of clerk of Court of Appeals pursuant to Civil Code of Practice, sec. 738, had expired, held, that clerk of circuit court had no authority since, under section 749, supersedeas should have been issued by clerk of Court of Appeals where time for filing copy of record in clerk's office of Court of Appeals, pursuant to section 738, has expired.

5. Evidence.—Court of Appeals knows its own terms and when they begin.

6. Appeal and Error.—It is issuance of supersedeas, as defined by Civil Code of Practice, sec. 752, which stops further proceedings on judgment, not supersedeas bond, although supersedeas bond may have been executed.

7. Appeal and Error.—Supersedeas is not retroative and preserves only status of affairs as they existed at time it was issued.

8. Appeal and Error.—In action on supersedeas bond, where supersedeas was invalid, and for that reason there was no stay of judgment which had been entered in lower court, held, that action was not maintainable since execution of bond was only prerequisite to issuance of supersedeas and supersedeas bond alone was without any effect.

R. M. SHELBOURNE for appellants.

M. C. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

John G. Roberts and R. S. Roberts filed their petition in the Carlisle circuit court seeking to recover a judgment on a supersedeas bond against L. C. Turk and W. L. Turk. A demurrer was sustained to their petition. Hence this appeal.

The facts alleged in the petition are to the effect that the appellants were defendants in an action filed by William L. Mosby against Ed. George, Jesse George, and others. L. C. Turk was not a party to that action. W. L.

Turk is the surety on the supersedeas bond, and he was not a party to any of the proceedings referred to in the petition. The appellants filed an answer and cross-petition in that action in which they sought a judgment against Ed George, Jesse George, L. C. Turk, D. T. Sullenger, W. H. Green, Charlie Munsell, A. B. Munsell, Arnice Davis, and Delmer Davis. The amount of the judgment which they sought was the same as that which might be obtained against them in favor of Mosby. The facts as to the liability among the parties will be found in the case of Turk v. Mosby, 213 Ky. 50, 208 S. W. 472.

A judgment was obtained by Mosby against the two Georges for $3,585.95. The enforcement of a lien against property owned by the appellants was adjudged. On their cross-petition appellants obtained a judgment against the two Georges for the same amount as was awarded in favor of Mosby. No judgment of any kind was rendered against L. C. Turk. The judgment in favor of appellants also adjudged the enforcement of a lien against certain property belonging to some of the other parties to the action. This court, however, held in the opinion above referred to that there was nothing in the record to show that L. C. Turk had any interest in the litigation at all. He was a party to the suit on the cross-petition, but there was no judgment for him to appeal from, and there was nothing for him to complain about.

Notwithstanding he was entirely out of the picture so far as the judgments in that case were concerned, he objected and excepted to the judgment rendered against the two Georges in favor of appellants. Not only did he except, but he prayed an appeal to the Court of Appeals, which was granted, if such a thing was possible under the circumstances. The judgment recites that the two Georges also excepted to so much of the judgment as allowed a recovery in favor of appellants, and prayed an appeal to the Court of Appeals.

This judgment was entered on November 6, 1924. An appeal was prosecuted from the judgment in favor of appellants. The statement of the appeal in the former case shows that the two Georges and L. C. Turk were appellants, and that Mosby with the appellants in this case were the appellees. There were two separate and distinct judgments, and an appeal could not be taken in that manner. If there had been any exception to the judgment in favor of Mosby in the lower court, the

appeal would have affected him only as he was the first named in the statement as appellee. Matney v. Edmonds, 179 Ky. 836, 201 S. W. 465. In view of the fact, however, that there had been no appeal granted from the judgment rendered in favor of Mosby, he was not a proper party to the appeal. The appellants in this action were proper parties as they had obtained a judgment against the two Georges. The two Georges came into this court and moved to have the appeal dismissed as to them because it was prosecuted without their authority. The appeal was dismissed as to them. This left L. C. Turk as sole appellant, and there was no judgment against him from which he could appeal. This did not deter him, however, as he executed a supersedeas bond signed by his brother in which he attempted to bind himself beyond the peradventure of a doubt that he would pay the judgment rendered against the two Georges in favor of the appellants in that case if the judgment from which he was trying to appeal should be affirmed. It was a strange proceeding on his part, but he went ahead with his so-called appeal, and when this court came to consider the case it found that he had no interest in the matter, and judgment was affirmed as to him. Probably it should have been dismissed as there was no judgment against him, but the effect would have been the same if it had been dismissed.

After the mandate had been entered in the lower court, the appellants sought to recover on the supersedeas bond which was executed by Turk.

The petition filed by appellants alleged that the judgment of the lower court was entered in November, 1924, and that in the same month, that is, in November, 1924, the appellees executed the supersedeas bond. If the supersedeas bond had been executed at that time while the circuit court had jurisdiction of the matter, the court would be confronted with questions heretofore undecided. But that is an error in the pleading. The supersedeas bond which is made a part of the petition shows on its face that it was signed November 28, 1925. On the back of the supersedeas bond is the indorsement of the clerk which shows it was filed in his office on the 28th day of January, 1926. A copy of the supersedeas which was executed by the clerk is also made a part of the petition, and it was issued on January 28, 1926. The supersedeas shows on its face that the judgment superseded was rendered at the November term, 1924, of the Carlisle circuit

court. The supersedeas was issued by Ed Yates, clerk of Carlisle circuit court.

Section 749 of the Civil Code provides that a supersedeas bond must be executed before the clerk of the court rendering the judgment, if the appeal be granted by that court. A further provision of that section is that the clerk of the court rendering the judgment shall issue the supersedeas if the bond be executed before him before the expiration of the time for filing a copy of the record in the clerk's office of the Court of Appeals pursuant to section 738. In all other cases the supersedeas must be issued by the clerk of the Court of Appeals.

A reading of section 749 of the Civil Code indicates that the clerk of the circuit court had the power to take the supersedeas bond if there was a valid appeal, and if a supersedeas was issued before the record was filed with the clerk of this court as required by section 738, Civil Code, it was the duty of the clerk of the lower court to issue the supersedeas. The bond, however, was not executed before the expiration of the time for filing a copy of the record in the clerk's office of the Court of Appeals. Section 738 of the Code requires the filing of the transcript in the office of the clerk of the Court of Appeals at least 20 days before the first day of the second term of this court next after the granting of the appeal. This court knows its terms and when they begin. Therefore this court knows that the second term after the entry of the judgment of the lower court in 1924 commenced on the second Monday in April, 1925, and that, under the provisions of the Code, the transcript should have been filed with the clerk of this court 20 days before the beginning of the spring term, 1925. The issual of a supersedeas by the circuit clerk in January, 1926, was without authority on his part. The supersedeas should have been issued by the clerk of this court.

It is the issual of the supersedeas which stops further proceedings on the judgment, and, although a supersedeas bond may have been executed, it is the supersedeas as defined in section 752, Civil Code, which stays the proceedings. A supersedeas is not retroactive and preserves only the status of affairs as they existed at the time it was issued. Thompson v. Thompson, 69 S. W. 714, 24 Ky. Law Rep. 645. It is the supersedeas which suspends the judgment and forces it into abeyance, and not the execution of the bond. Hall v. Smith-McKenney,

162 Ky. 159, 172 S. W. 125. In the case of L. & N. R. R. Co. v. Smith's Adm'r, 178 Ky. 681, 199 S. W. 805, it was held that the mere execution of a supersedeas bond does not obstruct the execution of a judgment; that there must be an appeal; and that a supersedeas must in fact issue. In a long line of cases it has been held that unless a supersedeas is issued there is no stay of proceedings upon the judgment appealed from. Phoenix Insurance Co. v. McKernan, 104 Ky. 224, 46 S. W. 698, 20 Ky. Law Rep. 337; Id., 46 S. W. 10, 20 Ky. Law Rep. 337; O. & N. Ry. Co. v. Barclay, 102 Ky. 16, 43 S. W. 177, 19 Ky. Law Rep. 999; Hoskins v. Southern National Bank, 73 S. W. 786, 24 Ky. Law Rep. 225.

The supersedeas issued by the clerk of the Carlisle circuit court was invalid, and for that reason there was no stay of the judgment which had been entered in the lower court. Turner v. Wickliffe, 146 Ky. 776, 143 S. W. 406.

The judgment which appellants obtained against the two Georges was not superseded, and the appellees in this case in no way interfered with any procedinges authorized under the law whereby they may have collected their judgment. The supersedeas which was issued had no effect whatever. The legal effect of a supersedeas bond and service of the supersedeas is to suspend the judgment appealed from and stay all proceedings thereunder pending the appeal. Thompson v. Haden, 177 Ky. 841, 198 S. W. 231. But the execution of the bond is only a prerequisite to the issual of a supersedeas, and if the supersedeas is never issued the statutory bond provided for in the Code is without any effect.

As there was no judgment against L. C. Turk, it is probable that the order granting him an appeal was beyond the jurisdiction of the circuit court and, therefore, void. If that is true, it naturally follows that the supersedeas bond executed by him was void, and that he nor his surety could be held responsible thereon. We are not called upon, however, to decide that question.

Judgment affirmed.