## Sharp v. Rawls.

(Decided May 23, 1930.)

BARNES & SMITH for appellant.

L. P. TANNER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On Sunday, May. 6, 1928, a collision occurred between a Buick Master Six sedan belonging to H. C. Rawls and a Ford sedan belonging to S. F. Sharp.

Rawls sought to recover a judgment against Sharp for $940, which he says is the loss to him resulting from this collision. Sharp claims this collision resulted from the negligence of Rawls and that Rawls was to blame, hence Sharp denied any responsibility for the accident, and resulting losses, and made counterclaim against Rawls for $300 damages done to Sharp's Ford.

Trial was had before a jury; as a result, Sharp's counterclaim was dismissed and Rawls was given judgment against him for $300.

Sharp appeals and says that the court erred in its instruction to the jury in fixing the time and point at which the drivers of these machines should yield the right of way to the other.

This collision occurred at the intersection of Ninth street and Cedar street in Owensboro, Ky., the machine belonging to the plaintiff Rawls then being driven westwardly, on Ninth street was struck by the machine belonging to the defendant, Sharp, then being driven northwardly on Cedar street, almost exactly at the center of the intersection of these two streets. In this collision the front end of the Ford machine belonging to Sharp was driven against the left rear fender and wheel of the Buick machine belonging to the plaintiff, Rawls. Both machines were practically destroyed.

In its instructions, the court told the jury that it was the duty of the driver of the Ford sedan, belonging to the defendant, Sharp, *to yield the right of way at the intersection of said streets to plaintiff's automobile approaching from the right, unless plaintiff's automobile was further from the point of intersection of their paths than was the defendant's automobile,* and that it was the duty of the plaintiff driving the Buick sedan *to yield the right of way to defendant's car at the intersection mentioned in the evidence, unless he was equidistant or nearer the path in the intersection at the time said automobile approached said intersection than was the automobile of the defendant.*

Sharp contends these instructions were erroneous because they fixed a different point and a different time for his machine to yield the right of way from the point and time fixed for the plaintiff's machine to yield the right of way, but he overlooks the fact that the evidence shows the plaintiff Rawls was traveling in an inter county seat highway and hence had the right of way if

both machines were equidistant from this intersection. See section 2739g-37 Ky. Stats.; Mann v. Woodward, 217 Ky. 491, 290 S. W. 333. Hence, we find the court did not err in these instructions. The defendant insists the court erred in refusing to give instruction ''y'' and ''z'' offered by him to the effect that, if the plaintiff's machine was being operated at a greater rate of speed than 20 miles an hour, it was prima facie evidence of unreasonable and improper driving, and in support of that contention defendant relies on the case of Wight v. Rose, 209 Ky. 803, 273 S. W. 472, but, as there was a total failure both of allegation and proof that this accident occurred in the residential portion of the city, the court properly declined to give the instructions offered.

His next alleged error is that the verdict is flagrantly against the evidence, and it is true that it is flagrantly against the evidence for the defendant, but any other verdict would have been flagrantly against the evidence for the plaintiff. We have often written that we cannot reverse a judgment because the jury believed one set of witnesses rather than another.

The judgment is affirmed.