## Schumann et al. v. Crook et al.

Feb. 19, 1943.

R. W. Lisanby and J. Gordon Lisanby for appellants.

S. D. Hodge for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

As shown in Crook v. Schumann et al., 292 Ky. 750, 167 S. W. (2d) 836, we affirmed in part and reversed in part judgments that the appellants were guilty of civil contempt in refusing to respond to subpoenas duces tecum and to obey orders of the court to produce and

exhibit certain records of the S. L. Crook Corporation. And as shown in an opinion delivered today dismissing a cross-appeal of Schumann, et al., in a case of the same style designated as Case No. 2, 293 Ky. 334, 168 S. W. (2d) 1004, the circuit court sustained a demurrer to and dismissed Amended Petition "A" filed by the plaintiffs subsequent to the judgment of contempt. While petitions for rehearing in both cases were pending, Schumann, et. al., plaintiffs below, filed a direct appeal from that judgment. We have heretofore ordered its consolidation with the other cases for disposition. The record brought up on this appeal contains the original and six amended petitions, the judgments of contempt, and all subsequent proceedings beginning with Amended Petition "A". It includes depositions taken to establish the allegations of that amended petition, and the judgment now appealed, which was rendered in June, 1942.

The objects and purposes of the suit are stated in the opinion delivered on the first appeal. The last of two judgments rendered in March, 1942, that the defendants were guilty of civil contempt, assessed fines against them and struck all of their pleadings from the record. It was adjudged that all allegations of the petition and amendments should be taken for confessed, but the affirmative relief granted the plaintiffs was confined to cancelling 2,874 shares of stock that had been issued to the defendants and adjudging that they owned only 126 shares. The motion of the plaintiffs to impound the records of the corporation was overruled. It was further ordered that "all other matters except as specifically adjudged herein are held up for further orders." In another place it is ordered that all matters be "held up for the further hearing by the court upon proper pleadings if filed."

Amended Petition "A," subsequently filed, reiterates some of the allegations previously made. It pleads facts sufficient to bring the defendants within the terms of Sec. 2353, Ky. Stats., KRS 381.170, which declares, in effect, that when a grantee of a deed shall have taken title in his own name without consent of the person paying the consideration, or when one in violation of some trust shall have purchased land with money of another, a trust results in favor of the one who furnished the consideration. In substance it was pleaded that the plaintiffs had been partners of the defendants and afterward minority stockholders in the corporation, organized to

succeed the partnership. They had put up money for the acquisition of mining property for the group, and Crook, without their knowledge, had taken title in himself personally. The plaintiffs had been unsuccessful in obtaining any information concerning the affairs of the partnership or corporation in which they had invested substantial sums of money. Sec. 546, Ky. Stats., KRS 271.170, declares that the records of a corporation shall be subject to inspection of all stockholders during reasonable office hours. The record in the case was certainly sufficient to show that the plaintiffs were not mere "busybodies," that they had the legal right to an examination of the books and it had been denied them. The court had so ruled in several previous instances, but his orders had been disobeyed. The amended petition contained a specific prayer for a mandatory injunction compelling the defendants to produce the records of the company, which was an appropriate remedy. Otis-Hidden Company v. Scheirich, 187 Ky. 423, 219 S. W. 191, 22 A. L. R. 19; Pilcher v. Stadler, 276 Ky. 450, 124 S. W. (2d) 475.

The defendants filed an objection to the court signing the Rule Day order entered on May 4, 1942, by the clerk, showing the filing of the amended petition without leave of court, and a motion to strike it from the record. They also moved to quash notices to take depositions, the returns of the officers thereon, and to strike the depositions themselves, because, among other things, the judgment rendered at the March term was final and a bar. The plaintiffs moved for a judgment pro confesso and a mandatory injunction as prayed. The final order recited that the court, on its own motion, sustained a general demurrer to Amended Petition "A." It and the depositions were stricken from the record except for the purpose of appeal.

The power of the court to entertain further pleadings along the line covered by the amended petition was not spent by the judgments entered in March, 1942. Excepting to cancel part of the stock which had been issued to the defendants, the whole case was left open. The Court had impliedly invited or consented to further pleading. As is often said among lawyers, the plaintiffs were again firing both barrels, their former volleys not having produced results because of the persistent opposition of their adversaries. We cannot refrain from ob-

334

serving that the acrimony, personalities and other extraneous matter in all the briefs have obscured the legal questions, with which alone we are concerned. We really do not know upon what grounds the court based his ruling.

The appellants insist that it was not proper for the court to sustain a general demurrer to their amended petition when none had been filed. As we have stated, there was a motion to strike it and the same end might have been attained by sustaining that motion. But by the procedure followed by the court the plaintiffs were given the advantage of an opportunity to amend further. See Mann v. Woodward, 217 Ky. 491, 290 S. W. 333. Technically, the insufficiency of a pleading is not reached by a motion to strike but by a general demurrer (Burton v. Ott, 226 Ky. 647, 11 S. W. (2d) 700), and a misjoinder or inconsistency is reached by a motion to elect (Smith v. Ferguson, 187 Ky. 338, 219 S. W. 160), but there was none filed in this case and the defect, if any, was thereby waived. It is apparent, therefore, that the court deemed the allegations insufficient to state a cause for the relief asked. We shall assume without deciding the point that the court had the power to proceed as he did.

It seems to us the allegations of the amended petition, as we have briefly outlined, were sufficient to establish a constructive trust and to authorize the injunction sought.

Wherefore the judgment is reversed and the case remanded for consistent proceedings.