## Crook et al. v. Schumann et al.

Feb. 19, 1943.

S. D. Hodge for appellants.

J. Gordon Lisanby and R. W. Lisanby for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Dismissing cross-appeal.

Promptly after rendition of a judgment declaring defendants to be in contempt of court, imposing fines and awarding plaintiffs certain relief pro confesso, the defendants filed a schedule on March 30, 1942, directing the circuit clerk to copy the entire record for the purpose of appeal, except the summonses. The appeal was perfected and the case docketed in this court under the style of Crook et al. v. Schumann et al. It appears as Case No. 1 on our Civil Docket for the Fall Term, 1942. The opinion in the case was delivered November 24, 1942, Crook v. Schumann, 292 Ky. 750, 167 S. W. (2d 836.

On Rule Day May 4, 1942, the plaintiffs filed an amended petition, designated as ''A,'' reiterating allegations of their previous pleadings, and adding another charge or ground for the relief they had been seeking. They also pleaded causes and asked for a mandatory injunction against the officers of the corporation, in which they were or claimed to be minority stockholders, ordering the defendants to produce certain of its records. They filed some depositions supporting their claims. At the June term on a trial of several motions of the defendants, including one to strike amended petition ''A'' from the record, the court sua sponte sustained a demurrer to it. The plaintiffs electing to stand upon their amended petition, the court dismissed it and granted them an appeal. See Schumann v. Crook, 293 Ky. 331, 168 S. W. (2d) 1002. The plaintiffs then filed a schedule calling upon the clerk to copy the same record called for by the defendants for their appeal from the judgments of contempt with the record subsequently made in the circuit court, i. e., amended petion ''A'' and the proceedings resulting in its dismissal.

On July 30, 1942, the defendants, Crook, et al., as appellants, filed their appeal and record in this court. On August 27, 1942, Schumann, et al., filed the record they had had prepared, together with a brief. In the body of the brief, as a part of it, is a statement similar to the Statement of Appeal required by Section 739 of the Civil Code of Practice. The brief discusses the merits of the questions raised in the appeal of Crook, et al., from the contempt judgments and also questions raised by the designated appellees in the later appeal. The clerk of this court regarded this second record as an original and independent appeal and docketed it as Case No. 2 for the Fall Term, 1942. Two days later Schumann, et al., moved for a cross-appeal from the judgment rendered in June, 1942, dismissing their amended petition "A."

It appears that the plaintiffs in prosecuting the appeal from the June judgment adverse to them have done so as conforming with Section 741 of the Civil Code of Practice, which authorizes an appellee to file an authenticated copy of the record, with the same effect as if filed by the appellant, and as supplementing the record which the appellants had filed. It is contended that that record was not complete. The procedure provided for in Section 741 is not the proper one in a situation of this kind. The judgments from which the appellant sought relief were those rendered adverse to them at the March, 1942, term of the circuit court. Those judgments were complete and final. The determination of their correctness or propriety was to be determined by the record as it was presented to the circuit court. After the judgment no new matter could be put into the record filed in this court unless it was something that had been omitted and needed to be supplied. Additions cannot be made of matters not before the circuit court when the judgment was rendered. Hibbard v. Estridge, 153 Ky. 439, 155 S. W. 741. In Brown v. Vancleave, 86 Ky. 381, 6 S. W. 25, a judgment had been rendered in favor of the plaintiff for a part of his debt claimed to be due by the defendant. Thereafter another judgment was rendered on an amended petition subjecting certain stock to the payment of subsequently accruing indebtedness which the first judgment did not cover. The defendant filed an appeal from the later judgment and the plaintiff had been allowed a cross-appeal from so much of the first judgment as was ad-

verse to his claims. In dismissing the cross-appeal, it is pointed out that where either party appeals from a final judgment, his adversary may cross-appeal from it for the purpose of correcting any prejudicial error in it or in any interlocutory order which affected the final judgment. But a party cannot cross-appeal from a judgment rendered in a distinct action between the appellant and himself, which the supplemental judgment in the same case was regarded as being. See, also, Roberts v. Turk, 225 Ky. 100, 7 S. W. (2d) 849.

While rendered in the same suit the subsequent judgment dismissing the amended petition "A" was separate and distinct from the final judgment appealed from by the other parties to the suit. A cross-appeal, as appellees contend they are prosecuting, was improperly granted by the clerk. Therefore, the cross-appeal, docketed as Case No. 2, should be dismissed. It is so ordered at the cost of Schumann, et al.