## Williamson et al. v. Maynard et al.

## Brushey Creek Land Company v. Same.

(Decided November 11, 1930.)

HARMAN, FRANCIS & HOBSON and A. F. CHILDERS for appellants.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing in the first-named case and affirming in the second.

On July 13, 1920, Annie Maynard and her husband sold and conveyed to R. L. Williamson and W. P. T. Varney, who acted on behalf of, and subsequently conveyed to, the Brushey Creek Land Company, a small tract of land on the Spankum branch of Brushey creek in Pike county, at the price of $25 an acre. Of the purchase price $625 was paid in cash, and a lien retained to secure the balance. Alleging that the land contained 54 acres, the vendors brought suit against the purchasers to recover the balance of the purchase price, and to enforce their lien on the land. The purchasers denied that there were 54 acres in the land, and alleged that it contained only 34.6 acres. They conceded that plaintiffs were entitled to judgment in the sum of $240, with interest from July 13, 1920, amounting in all to $256.84, which sum they tendered and paid to the receiver of the court. The issue was completed by reply, and on final hearing judgment was rendered in favor of plaintiffs on the basis of 54 acres, and the land was ordered sold.

Some time later the Brushey Creek Land Company and others brought an independent action under section 518, Civil Code of Practice, for a new trial of the original action, which relief was denied.

The two appeals, one from the judgment in the original action, and the other from the judgment refusing the new trial, have been consolidated, and will be considered in one opinion.

The new trial was asked on the ground that the judgment was obtained by fraud. We deem it unnecessary to set out or review the evidence at length. It is sufficient to say that we have carefully reviewed the evidence and concur in the conclusion of the chancellor that the charge of fraud was not sustained.

We shall next consider the propriety of the judgment in the original action. On the question of acreage there were two witnesses: W. G. Meade and G. F. Clevenburg. Meade's testimony is as follows: About five years before he testified he surveyed the land in controversy and calculated the acreage. His memory was that it lacked 22 square feet of being 54 acres. He had his field notes before him at the time, and thought the calculation was correct. He did not use the latitude and departure method, or have up-to-date mapping tools. He marked his map, cut it up into angles, counted the number of square feet in each angle, summed it up, and divided that by the number of feet in an acre. He did not divide it up into triangles but into angles. Afterwards Mr. Williamson wanted a copy of his notes. He told him his books containing the notes were badly sweated, but he would do the best he could. He could not vouch for the correctness of the copy, but in places had simply to guess out the notes. He did not have the map he made of the land, but had surrendered it to Williamson. On the other hand, Clevenburg testified that he did not make a survey of the land, but mapped and platted the land. The notes were furnished by Mr. Meade. He got the notes from Mr. Jackson, another surveyor who succeeded Mr. Meade in the work. He correctly platted and calculated the area of the tract, and found it to contain 34.6 acres. He also platted the adjoining tracts. One of the adjoining tracts contained 46.4 acres, and was larger on the map than the tract in controversy. All he knew was that Jackson furnished him with what purported to be the

field notes taken on the ground by Meade, and from these notes he made the map and calculated the acreage.

Acreage is the only thing in dispute. Appellee should not be forced to accept payment for a less number of acres than were sold, and appellants should not be required to pay for more land than they got. If this were a case of conflicting surveys, or of disputed lines and corners, or one that depended solely on the credibility of the witnesses, a different situation would be presented. However, the case is not of that character. It is a case where the issue may be accurately determined by an ordinary survey and a simple calculation. Already there are enough cases involved in doubt without adding those that may be decided with reasonable certainty. When the truth may be easily ascertained a court of equity should be satisfied with nothing less. Here we have one witness who made the survey years ago, testifying from memory, without the production of his notes or map, that the tract contained 54 acres. Furthermore, his method of calculation, to say the least, was somewhat crude, and not conducive to accuracy. On the other hand, we have a surveyor who claims to have used the same notes made by the other witness, though without satisfactory proof of their genuineness, saying that the tract contains 34.6 acres. In so small a tract of land there is no reason whatever for so large a discrepancy between the two calculations. It is at once apparent that the evidence is so unsatisfactory that no fair conclusion could have been reached. Where the matter in dispute is susceptible of accurate ascertainment, the case should not be prepared in such a way as to require the chancellor to guess at the rights of the parties. In the circumstances, we conclude that the chancellor should have refrained from deciding the question, and have called for evidence of a more persuasive and accurate character. Ordinarily, we remand equity cases with directions to enter judgment in conformity with the opinion. Here, however, we are confronted with the same situation that confronted the chancellor. The case has not been developed in such a way that a proper judgment may be pronounced. For that reason we conclude that the ends of justice will be best subserved by remanding the case with directions to hear further evidence on the question involved. Connecticut Fire Ins. Co. v. U. M. Co., 161 Ky. 718, 171 S. W. 407.

The judgment in the case of Brushey Creek Land Company v. Annie Maynard et al. is affirmed. The judgment in the case of R. L. Williamson et al. v. Annie Maynard et al. is reversed, and cause remanded for proceedings not inconsistent with this opinion.