## Ellis et al. v. Darby Coal Company et al.

(Decided May 5, 1931.)

J. B. WALL for appellants.

B. M. LEE and C. B. SPICER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The controversy involved in this appeal arose as collateral to a suit filed by A. L. Turner against the Darby Coal Company, to recover a balance of $800 on a store account. By intervening petitions and cross-actions it was alleged that George Ellis and seven others, on or about August 3, 1926, sold certain stock in the Darby Coal Company (which constituted a controlling interest) to C. P. Bartlitt and two others, and had assumed pay-

ment of the outstanding liabilities of the company at the time of the sale, except a certain note not here involved. To indemnify the purchasers against loss by reason of those debts, Ellis and his associates deposited with the Citizens' National Bank an aggregate of 177 shares of stock in the coal company. The Turner account was one of the debts owing by the company at the time of the sale. The new stockholders prayed that Ellis and his associates be required to satisfy that debt, and, upon their failure to do so, that the stock deposited for indemnity be sold and the proceeds so applied.

Ellis and his associates agree in their responsive pleading that each of them was to bear proportionately the debts assumed, but they disagree as to whether some of them had already paid his part. Issues were sharply raised between several of them on that point. A deposition was taken which showed the aggregate debts assumed to have been $5,999.17, and the pro rata part of each of the old stockholders was displayed. It was testified that certain of them were entitled to credits for different sums, but that some of them were claiming additional credits. The evidence is so indefinite that the status of the parties in this matter cannot be ascertained. Nevertheless the court adjudged that Ellis and three others had not paid their share of the debts, and their pledged stock, aggregating 57 shares, was ordered sold by the master commissioner and the proceeds applied to the satisfaction of the Turner judgment, which had gone by default. The stock was sold as an entirety for a sum apparently equal to the debt. Exceptions to the report of sale upon several grounds were filed and overruled. Those whose stock was thus disposed of appeal from the judgment and the order confirming the report of sale. The coal company and the other old stockholders are the appellees.

The judgment does not determine the issues. The parties are entitled to have their respective rights one against the other adjudicated, and the condition of the record is such that we are not able to do it. We have often recognized the rule that, in equity cases, when this condition appears, the judgment will be reversed and remanded, with directions to permit the parties to file additional pleadings and adduce further evidence that the justice of the matter may be administered with certainty. Preece v. Woolford, 200 Ky. 604, 255 S. W. 285.

694

We may repeat this pertinent statement in the recent case of Williamson v. Maynard, 236 Ky. 33, 32 S. W. (2d) 538, 539:

"Where the matter in dispute is susceptible of accurate ascertainment, the case should not be prepared in such a way as to require the chancellor to guess at the rights of the parties. In the circumstances, we conclude that the chancellor should have refrained from deciding the question, and have called for evidence of a more persuasive and accurate character. Ordinarily, we remand equity cases with directions to enter judgment in conformity with the opinion. Here, however, we are confronted with the same situation that confronted the chancellor. The case has not been developed in such a way that a proper judgment may be pronounced."

For the reasons stated, we are constrained to reverse the judgment for further preparation and such development as will enable the court to ascertain definitely the amount of debts assumed by the old stockholders, the amount each should pay, the amount each has paid, and the amount yet due by each of them. The court should enter a judgment against each one separately for whatever may be found due by him and adjudge a separate lien on each man's pledged stock. They should be given an opportunity to satisfy the judgment, and, upon the failure of any of them to do so, his stock should be sold and treated separately.

Judgment reversed.