# Crook et al. v. Schumann et al.

Nov. 24, 1942.

S. D. Hodge for appellants.

R. W. Lisanby and Gordon Lisanby for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

This record is a veritable labyrinth of pleadings, affidavits and orders, and the discursive briefs on both sides contain so much extraneous and irrelevant matter that it has been extremely difficult to spot and "keep an eye on the squirrel." The final judgments appealed are: (1) The imposition of a fine of $25.00 upon each of two appellants for contempt of court in refusing to give depositions as on cross examination, and (2) another similar fine with the striking of all the defendants' pleadings and judgment for the plaintiffs as by default. It is unnecessary to consider or discuss all the points from (a) to (y) stated in appellants' brief; likewise the details of the essential facts.

The petition was filed on December 2, 1941, by W. A. Schumann and six others against S. L. Crook, Mrs. S. L. Crook, and the S. L. Crook Corporation. There were five amended petitions. The sum and substance of them is

that the plaintiffs are stockholders in the corporation; that the two individual defendants owned or claimed to own a majority of the stock; had fraudulently issued stock to themselves for more than they were entitled to or actually owned; had refused to issue certificates for all the stock the plaintiffs owned; that they had handled the business as if it were their own personal property without observing any of the by-laws of the corporation in respect to the election of directors and officers and to reports to the stockholders; that they had mismanaged the affairs of the company; and, in general, that they were guilty of many corporate sins. The plaintiffs asked to be permitted to maintain the suit for numerous and widely scattered minority stockholders. Appropriate prayers concluded the petition and amendments, including one to require the production of the records and to issue an order of recovery, and another for $100,000 damages.

The defendants were served with notice that the plaintiffs would take their depositions as on cross examination on December 9, 1941, and that they should produce at the designated place the stock and minute books of the corporation. They were duly subpoenaed. Their attorney filed with the examining officer objections to the giving of their depositions upon a number of grounds. Among them were that the court was without jurisdiction of the case; that the interests of the plaintiffs, Schumann and wife, were adverse to those of their co-plaintiffs; that they were not entitled to any stock in the corporation, and were not in fact stockholders; that the suit had been filed because of anger and ill feeling on the part of Schumann against the defendants, and he had fraudulently induced the other plaintiffs to join with him. Mr. and Mrs. Crook declined to produce the records or to testify concerning them. The one was president and the other secretary-treasurer of the corporation. It was stipulated that the attorneys would appear before the circuit judge of the district in Madisonville on December 22nd to have him consider the objections to the giving of the depositions and plaintiffs' motion for a rule directing the defendants to conform to the notice to produce the company's records and testify concerning them. At this hearing the defendants' attorney stated he had advised his clients not to conform because he was of the opinion that the plaintiffs were not entitled to inspect the records under the allegations of their petition

or before the filing of the answer, which was not then due. There was a repetition of the grounds stated before the notary public. The defendants' counsel insisted that the court should pass upon all these questions before requiring them to produce the records or testify in respect thereto. The court sustained the plaintiffs' motion and directed the defendants to appear with the books at the office of the plaintiffs' attorney on December 31st and obey all reasonable notices and subpoenas. This they did not do.

On January 3, 1942, the defendants lodged in the clerk's office a motion that the judge vacate the bench and that a certain member of the local bar be agreed upon as a special judge. On the same day they lodged objections to the judge signing the order of December 26th, which had been entered on the vacation order book. This was upon several grounds, none of which was meritorious.

On January 6th the defendants appeared pursuant to notice and subpoena to give their depositions as on cross examination, but their attorney again stopped them, insisting upon a postponement until the court had passed upon the motions lodged in the clerk's office. He also filed a statement of other grounds for not producing the records, one of which was that the plaintiff, Schumann, was not a stockholder.

On January 8th the defendants filed general and special demurrers to the petition and several defensive motions.

On January 21st the plaintiffs, pursuant to notice, filed motions before the judge, one of which was that he enter a fine against the defendants for contempt, and give judgment for the plaintiffs as by confession. On this motion the court for the second time directed the defendants to give their depositions and produce the records in pursuance to a subpoena duces tecum on January 28th. He did not pass on the motion to punish for contempt. The defendants for the second time disobeyed the order of the court and the examining officers' subpoena. Substantially the same grounds were given for this disobedience that had been given before.

Following this, the defendants filed their answer pleading many and elaborate defenses to the plaintiffs' cause of action. On January 30th the plaintiffs again

moved that the judge approve and sign his order of December 26th, made in vacation, and his order of January 21, 1942, made in term time; that the court adjudge the defendants in contempt; and that he strike all the defendants' motions and pleadings and enter judgment for the plaintiffs pro confesso. The defendants filed countervailing motions.

On January 30th the court entered an order in which he recited the previous proceedings and giving reasons for his rulings. The order ruled the defendants to appear in the court room at Princeton on February 7th to show cause why they should not be punished for contempt. The defendants filed a response, disavowing any contemptuous purpose, but admitting a failure to obey the orders of court upon advice of their attorney in order to protect the corporation and its stockholders, including plaintiffs. They maintained the court had made erroneous rulings in several respects and submitted other excuses.

On February 4th the defendants were subpoenaed to appear at a certain hour on February 7th to testify as on cross examination. This they ignored.

On March 2, 1942, the court adjudged the response insufficient and made the rule absolute. He adjudged the two defendants to be guilty of contempt in failing to obey the orders of the court and the subpoenas duces tecum, and fined each of them $25 and costs. They were again ordered to produce the records for the inspection of plaintiffs' counsel upon reasonable notice. An appeal was granted to the Court of Appeals from this order and the defendants superseded the judgment. They relied on the supersedeas and again refused obedience. We may here point out that except the adjudication of contempt and imposition of the fines, the order was clearly interlocutory and not appealable, hence the supersedeas to that extent was void and afforded no protection. Maryland Casualty Company v. Marshall, 226 Ky. 62, 10 S. W. (2d) 485.

On March 9th the plaintiffs renewed their efforts to get a look at the corporation's records, and to have the defendants adjudged guilty of contempt. They moved for a rule against them for having failed to appear to give their deposition on March 7th as ordered by the court and in obedience of the subpoena duces tecum. The

defendants filed motions to strike all pleadings and proceedings after March 9th, based upon the fact that an order of supersedeas had issued. On March 14th the court again adjudged the defendants to be in contempt of court; fined each of them $25; struck all of their pleadings from the record; ordered the petition and amendments to be taken for confessed; and rendered judgment in favor of the plaintiffs accordingly. But in a separate paragraph the judgment is specifically confined to the matter of ownership of stock by the several parties, with a reservation as to other prayers of the petition as amended.

This court has jurisdiction to consider the appeal from the two judgments even though the fines are $25 only. They are for civil contempt because of the disobedience of orders intended to preserve and to enforce adjudged rights of private parties to suits. As such, the judgments are distinguishable from judgments of criminal contempt. Allen v. Black Bus Lines, 291 Ky. 278, 164 S. W. (2d) 482.

The appellants continue their argument here that the court should have sustained their motion to vacate the bench. This came after they had, pursuant to agreement, gone before the Judge at Madisonville and had him pass on appellees' motion for a rule and their own motion to have him consider their objections to giving their depositions, and after the court had ruled against them. It is sufficient to say the parties waived their objections to the court by their acceptance of him in the beginning. Siler v. Proctor Coal Co., 272 Ky. 477, 114 S. W. (2d) 749.

We know of scarcely more flagrant contempts of court than this record displays. The judge was very patient with the defendants and their attorney. It is expressly provided by Section 557 of the Civil Code of Practice that, ''The plaintiff may commence taking depositions immediately after the service of the summons''; and by Section 606, subd. 8, ''A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness.'' There was little merit in the grounds upon which disobedience of the orders of the court was based. But regardless of merit, the point is that, right or wrong, it was the duty of the parties to respect and obey the orders of the court. Rapalje on Contempt, Sec. 49. We

have little reason to attribute bad faith to them or their counsel and none to doubt his confidence in the position he took. But an attorney's obligation of loyalty and duty to his client does not extend so far as to justify advising a continuing course of defiance and contumacious disobedience of the orders of the court. Counsel should have sought relief and remedy from rulings deemed erroneous by appeal in an orderly manner. Aiding in the evasion of an order of court, or inciting others to such conduct, is an act in contempt of court no matter by whom; a fortiori when by an attorney at law. He is equally if not more guilty than his client. 17 C. J. S., Contempt, Secs. 12, 35. Cf. Huggins v. Field, 196 Ky. 501, 244 S. W. 903, 29 A. L. R. 1268. The judgments for the fines were fully authorized by Section 1291, Ky. Stats., (now KRS 432.260); Section 535, 538, Civil Code of Practice.

The striking of the defendants' pleadings and the rendition of a judgment for plaintiffs pro confesso is a different matter. It is not expressly authorized by the Code or Statutes. Section 371 of the Civil Code of Practice does provide that a court may dismiss a cause of action without prejudice to a future action for disobedience by the plaintiff of an order concerning the proceedings; and Section 151 of the Code provides that upon failure of a party to a suit in equity after reasonable time to answer interrogatories concerning material allegations annexed to his adversary's pleading, the court may strike the pleading of the derelict party. There is nothing in the Code defining the authority of the court along this line when the defendant has been guilty of contemptuous disobedience. The statute, KRS 432.260 (Sec. 1291, Ky. Stats.), is an affirmation of the power of the courts with an undertaking to check its arbitrary exercise by a judge by limiting his punitive action in assessing a fine to $30 or imposing a sentence of imprisonment to 30 hours.

These provisions of the Statute and Code of Practice do not purport to be exclusive in their recognition, and the courts are not confined to their limitations in cases of civil contempt. As necessary to the due exercise of their functions, it was recognized at common law, and has been from time immemorial, that courts have the inherent power to enforce their processes and orders and so attain the ends of their creation and existence. It

may well be doubted whether the legislature could limit the authority of the courts respecting practice and proceedings since all of our courts are created by the Constitution and all judicial power is lodged in them, save and except the Senate in cases of impeachment. Constitution of Kentucky, Secs. 27, 109; In re Woolley, 11 Bush. 95, 74 Ky. 95, 111; Arnold v. Commonwealth, 80 Ky. 300, 44 Am. Rep. 480; Rapalje on Contempt, Sec. 10. Therefore, it is recognized that the courts may go beyond the powers expressed or defined by the statutes. Riley v. Wallace, 188 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. It is certainly so in relation to the exercise of powers not embraced within the expressed limitations. Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791; Henry v. Wilson, 249 Ky. 589, 61 S. W. (2d) 305. Thus, it is said in Rapalje on Contempts, Sec. 11:

> "A statute which limits the amount of the fine, or term of imprisonment which the courts may impose, does not deprive them of their power to enforce affirmatively their orders, or to enforce any decree, whether affirmative or otherwise, which may be passed upon the final hearing of a cause."

The exercise of this power is but granting a coercive remedial process to a litigant. Roper v. Roper, 242 Ky. 658, 47 S. W. (2d) 517. Therefore, rendition of the entire judgment was within the discretionary power of the court. Cf. Whitman v. Kentucky Central L. & A. Ins. Co., 232 Ky. 173, 22 S. W. (2d) 593. Indeed, the judgment granting the prayer of the plaintiffs' petition was not strictly the imposition of a penalty for contempt. It appeared plaintiffs could not make out a substantial part of their case without an examination of the records, and the law gave them the right to have the books produced which the defendants so tenaciously and perversely withheld. See Tiller v. Cincinnati Discount Company, 270 Ky. 685, 110 S. W. (2d) 420. The defendants' concealment of the records gave rise to the reasonable presumption that they would establish the allegations of the petition. While the plaintiffs moved the court to strike the defendants' pleadings and render judgment pro confesso, the motion was but the request of a party. What action should be taken was, as we have stated, peculiarly within the discretion of the court. But since the defendants' pleadings seem to present good defenses, in some

particulars at least, and the judgment in favor of the plaintiffs is so extensive and far-reaching, we feel there was an abuse of discretion. We think the court should have put the defendants upon terms, with notice that upon failure to comply their pleadings would be stricken, with the consequent result. That may yet be done.

The judgment of March 2, 1942, is affirmed. That of March 14th is affirmed in so far as it imposes the fines, but reversed in other respects.