# Dailey et al. v. Anglin et al.

April 25, 1944.

S. F. Bowman and Joel M. Jones for appellant.

Edwin R. Denny for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The appellee, W. W. Anglin, declined to execute a deed for a small tract of land to the appellants, to whom the property was knocked off at an auction sale held by the appellee, Norman Realty Auction·Company. In an action to enforce specific performance of the alleged contract the chancellor sustained a demurrer to the petition and dismissed it. This appeal follows.

The petition alleged that the appellees advertised the property for sale at auction on July 9, 1940. A copy of the advertisement is filed as an exhibit. It shows that the property in controversy was to be sold along with numerous pieces of property owned by other persons, including another "baby farm." It is alleged that the appellants were the highest bidders on the property in controversy and that it was knocked off to them at $340. The following memorandum of sale was made by the auctioneer of the realty company.

"Norman Realty Auction Co.

"Anglin Addition                    Date  7-9-1940

"The undersigned R. A. Dailey & Robert Dailey has this day bought at Public sale Lot No. Baby Farm Block ———in the above subdivision for $340.00———per lot, to be settled for in accordance with the terms and conditions announced.

"$340.00   Total Purchased,   Name R. A. Dailey

"Buyer

"34.00    Amount Paid          Address————————

"B          Norman Realty Auction Co.

"By W. A. Morgan, Representative"

The only question confronting us is whether this memorandum was sufficient to comply with the Statute of Frauds, particularly whether the description of the property contained in the memorandum was sufficient.

The records are replete with cases from this court dealing with the question before us. It is unnecessary again to repeat the many discussions of the question and the legal principles applicable, many of which have been repeated over and over. In Hall v. Cotton, 167 Ky. 464, 180 S. W. 779, L. R. A. 1916C, 1124, and Corso v. Crawford, 228 Ky. 338, 14 S. W. (2d) 1093, will be found a review of the authorities and a full discussion of the question. In those cases the rule with reference to the use of extrinsic evidence to aid the description is reduced to its lowest terms, namely, that the extrinsic evidence allowed is only such as to designate the land identified by the memorandum. In the former case [167 Ky. 464, 180 S. W. 781, L. R. A. 1916C, 1124] it was said:

"When the description contained in the writing either by reference to a water course, or a town, or some well-known local object, or to a former conveyance of record, so identifies the property, which is the subject-matter of the contract, that it may be designated or pointed out in parol testimony by reason of such reference in the writing to such stream, town, conveyance or well-known object, then parol testimony is competent for that purpose; but that when the description in the writing has no such reference and it is necessary to resort to parol testimony to identify the subject matter of the contract as distinguished from a designation of it, then parol evidence is incompetent and the writing will be held insufficient to satisfy the demands of the statute."

It is argued by the appellant that since the memorandum refers to the property as the W. W. Anglin baby farm, the property is sufficiently identified. We think not. There is no allegation that there was an Anglin addition to the city of Mt. Vernon and the name of W. W. Anglin, the owner of the property, nowhere appears in the memorandum. There is no local appel-

lation identifying the property or showing its location and, even if there is. an Anglin addition, the memorandum does not show to what town or city it is an addition, nor does it show who was the owner of the baby farm or the acreage contained therein. Viewed in the light most favorable to the appellant, the only showing in the memorandum is the sale of a baby farm in some Anglin addition.

It is apparent that the auctioneer in making the memorandum of sale used a form adopted by his company for use in making land sales at auctions. Ordinarily a description by lot and block number of a subdivision of a town or city is sufficient but the description before us is not of that character. The use of this form by the auctioneer resulted in a fatally defective description.

It is clear from an examination of the cases cited that the memorandum of sale did not contain a description of the property sufficient to meet the requirements of the Statute of Frauds. The chancellor, therefrom, correctly sustained a demurrer and dismissed the petition.

Affirmed.