## Schumann et al. v. Crook et al.

June 22, 1945.

J. Gordon Lisanby and R. W. Lisanby for appellants.

S. D. Hodge for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This is the fourth appeal of this case, the former opinions being reported in 292 Ky. 750, 167 S. W. 2d 836; 293 Ky. 331, 168 S. W. 2d 1002; and 293 Ky. 334, 168 S. W. 2d 1004. The relief sought is set out in 292 Ky.

750, 167 S. W. 2d 836, therefore it is unnecessary to restate it here. The only relief granted by the chancellor was a recovery for the use and benefit of the corporation against Mrs. Crook of $1,500 and against Mr. Crook of $500. From that judgment plaintiffs appeal and defendants prosecute a cross-appeal.

Among other averments contained in plaintiffs' pleadings is one that Mrs. Crook used $1,500 of the corporation's money with which she purchased, and took title in her own name, 37 acres of land located near Crider, Ky., in Caldwell County, which is the same land conveyed to her by the master commissioner of the Caldwell Circuit Court by deed recorded in Commissioners Deed Book E, page 281, and that a lien should be adjudged upon this real estate in the sum of $1,500. Relying upon Terry v. Swinford, 41 S. W. 553, 555, 19 Ky. Law Rep. 712, the chancellor was of the opinion that this land was not described with sufficient particularity to enable him to adjudge a lien thereon.

An examination of the Terry opinion will show that judgment was rendered enforcing certain liens and ordering a sale of real estate. Judge Guffey there said: "It seems to us that the judgment ordering the sale of the land ought to have given the boundary of the land. The mere reference to the deed and the book in which it was recorded seems to us to be insufficient, as has been repeatedly decided by this court."

The general rule is that a judgment directing a sale of real estate should sufficiently describe the property so as to enable the bidder to know with reasonable certainty what property is offered for sale, and the judgment must be so certain and specific that the commissioner may conduct the sale without reference to any other papers in the case. Hurst v. White, 295 Ky. 123, 174 S. W. 2d 3. In the instant case plaintiffs ask that a lien be adjudged against this land (but no enforcement of such a lien was sought) and their description of the land as set out in the second paragraph of this opinion is sufficient for that purpose, Daily v. Anglin, 297 Ky. 266, 180 S. W. 2d 78, although it would not have been sufficient in a judgment directing a sale as pointed out by Judge Guffy in the Terry case.

The judgment must be reversed because the chancellor did not adjudge a lien on this 37 acres to secure the

$1,500 of the corporation's money which Mrs. Crook wrongfully invested in this land. Ordinarily, when this court reverses a judgment rendered by a court of equity it will direct what order the chancellor should enter, thereby terminating the litigation. However, the record before us is in such confusion that we do not feel that we can with any degree of accuracy determine the proper judgment to be entered, and in such instances we have remanded the records with directions that they be put in intelligible form with permission to the parties to take additional proof and for the chancellor to rehear the cases. Preece v. Woolford, 200 Ky. 604, 255 S. W. 285; Ellis v. Darby Coal Co., 238 Ky. 692, 38 S. W. 2d 673; Wright v. Owens, 275 Ky. 692, 122 S. W. 2d 498.

On the first appeal in the opinion appearing in 292 Ky. 750, 167 S. W. 2d 836, 837, it was written: "This record is a veritable labyrinth of pleadings, affidavits and orders, and the discursive briefs on both sides contain so much extraneous and irrelevant matter that it has been extremely difficult to spot and 'keep an eye on the squirrel.' "

The case at that time was not here on its merits and as confusing as the record then was, it is in much worse condition now. We support this statement by this excerpt from the first paragraph of the chancellor's opinion which is before us on this appeal: "Whatever judge gets this record will be unable to keep his eye on the squirrel, or see the squirrel, or even find him, unless he uses radar, as the squirrel seems to be almost lost under the debris of this record."

There are seven amended petitions in the record and we suggest that plaintiffs file a substitute petition wherein they succinctly set out their cause of action. Defendants' answer should be confined to the averments of the substituted petition, setting up any new matter deemed necessary to properly present their side of the case. In this manner the parties could raise the issue in comparatively few pages of pleadings. Each side should be allowed to take proof, or such additional proof as may be thought necessary.

Since most of the plaintiffs have testified and as their depositions may be retaken either on direct or cross-examination, we cannot see that any advantage

may be gained by defendants availing themselves of the privilege afforded them in Civil Code of Practice, sec. 140 et seq., of annexing interrogatories to their answers.

A reading of the former opinions will show that plaintiffs vigorously complain that as stockholders they were denied an opportunity by Mr. and Mrs. Crook to examine the books and records of the corporation, and in their briefs on this appeal they complain that they and their counsel were not afforded such an opportunity. The chancellor will enforce our former ruling that the plaintiffs and their counsel are entitled to examine the corporate books and records; and should plaintiffs desire, they may have auditors and expert accountants examine and audit same. Furthermore, the chancellor will compel Mr. and Mrs. Crook, as well as any other officers or employees of the corporation, to obey all subpoenas that may issue; and when they appear as witnesses, require them to give direct answers to competent questions propounded to them.

After reversing the judgment, the fact that we have directed the parties to reform their pleadings and that they be allowed to take additional proof, makes it unnecessary to consider or discuss the questions raised on the cross-appeal wherein defendants complain that they were entitled to file an amended answer and to a continuance, that the cause was prematurely submitted and that plaintiffs were not required to answer the interrogatories annexed to defendants' pleadings.

It is further suggested that the case be re-briefed and as little reference as possible should be made to the old record or to the former briefs to avoid confusion. In re-briefing the case, there should be a strict compliance to subsection 2, rule 5 of this court, requiring a brief to give the exact page of the record when reference is made thereto.

The judgment is reversed because the court failed to adjudge a lien on the 37 acres of land Mrs. Crook purchased with the corporation's fund. All other questions are expressly reserved in the hope that after the parties reform their pleadings and retake their proof an intelligible issue will be submitted to the chancellor, and in the further hope, should the case again reach this

356

court, that the record will be in such shape as to enable us to dispose of it with some degree of accuracy.

The judgment is reversed for proceedings consistent with this opinion.