## Schumann et al. v. Crook et al.

February 20, 1948.

H. F. S. Bailey, Judge.

J. Gordon Lisanby and R. W. Lisanby for appellants.

Charles Ferguson and Charles McGough for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the fifth appeal of this case. The opinion on the last appeal is reported in 300 Ky. 352, 188 S. W. 2d 494, 496, and it cites the opinions on the earlier ap-

peals. The history of the case may be found in these opinions. On the last appeal the judgment was reversed because the chancellor erroneously held that the 37 acres of land in Caldwell County owned by Mrs. R. E. Crook was not described with sufficient particularity to enable him to adjudge a lien thereon. Because of the confused condition of the record a judgment was not directed, but the case was remanded with directions to the parties to reform the pleadings so as to make the record intelligible and with permission to take additional proof. It was suggested that the plaintiffs file a substituted petition succinctly setting out their cause of action. Concluding the opinion, we said: ''The judgment is reversed because the court failed to adjudge a lien on the 37 acres of land Mrs. Crook purchased with the corporation's fund. All other questions are expressly reserved in the hope that after the parties reform their pleadings and retake their proof an intelligible issue will be submitted to the chancellor, and in the further hope, should the case again reach this court, that the record will be in such shape as to enable us to dispose of it with some degree of accuracy.''

Upon return of the case the plaintiffs filed an amended petition describing the 37-acre tract of land, and asking that it be sold to satisfy their lien. The defendant Mrs. R. E. Crook answered denying that the plaintiffs were entitled to a sale of the land, and stating that it was mortgaged to R. J. Wigginton in the sum of $1,700 and that the proceeds of the mortgage were used to pay debts of the S. L. Crook Corporation. Plaintiffs filed a second amended petition making Wigginton a party defendant, and Wigginton filed an answer setting up his recorded mortgage. The plaintiffs then tendered a 38-page pleading styled ''Reformed Petition in Equity,'' and the defendants objected in writing to the filing of the pleading, their objections consisting of 18 pages of matter. The court correctly ruled that the reformed petition did not conform to the directions of this court and refused to permit it to be filed, but gave the plaintiffs to and including the 15th day of May, 1946, to file a proper reformed petition and the defendants seven days thereafter to file an answer. On May 15, 1946, the plaintiffs filed a ''Substituted Petition in Equity'' in which they alleged that the master commissioner of

Caldwell County sold and conveyed the 37-acre tract of land to the defendant Mrs. R. E. Crook for $1,500, and that the defendant converted to her own use $1,500 of the money of the S. L. Crook Corporation and paid same to the master commissioner. The substituted petition in equity contained this allegation: "Plaintiffs state that since the original filing of this suit all of the other assets of the S. L. Crook Corporation have been sold by order of the United States District Court for the Western District of Kentucky and that all other questions raised in this suit have become moot by virtue thereof."

In the prayer of the substituted petition the plaintiffs asked to recover of the defendant Mrs. R. E. Crook the sum of $1,500 for the use and benefit of the S. L. Crook Corporation; that they be adjudged a superior lien on the 37-acre tract of land; and that it be sold to satisfy the debt. This pleading, of course, took the place of all former pleadings of the plaintiffs. On May 18, 1946, the defendants filed an answer to the substituted petition, and on May 23 the plaintiffs filed a reply. On June 4 the defendants filed an amended answer and counterclaim which was traversed by the plaintiffs. On June 18 the defendants moved for judgment, and the motion was overruled. In the order overruling the motion this appears: "The Court had heretofore ruled the parties to have this cause ready for trial at the June term 1946. But conditions have arisen since that time which would make it prejudicial to the rights of the plaintiffs for the court to enforce the rule and submit the cause at that time. Plaintiffs need time to take rebuttal evidence and probably the defendants would also like to do so.

"The plaintiffs are given until July 11, 1946 to take depositions and the defendants are given until July 20th to take depositions and the parties will have this cause ready for submission by August 1st, 1946."

On July 16, 1946, an order was entered filing the books of the S. L. Crook Corporation and making them a part of the record, and on July 18, 1946, a small amount of additional proof was taken. On August 5, 1946, an agreed order was entered filing all opinions of the chancellor in the matter and making them part of the record, and each party was given thirty days for

preparation of brief. The order contained this: "For fear that some pleadings tendered and some motions tendered are not filed of record, same are now filed of record."

Numerous motions and demurrers, special and general, had been tendered or filed. Notwithstanding the abandonment by plaintiffs in their substituted petition filed May 15, 1946, of all questions in the case and all claims theretofore made except the claim for $1,500 against Mrs. R. E. Crook, they tendered on September 2, 1946, a pleading styled "Amended Reformed Petition in Equity" in which they sought to bring back into the case all the causes of action which had been abandoned in the substituted petition. The court correctly refused to permit the pleading to be filed. Issue had been joined on the question raised by the substituted petition, proof had been taken, and the case had been ordered submitted upon the filing of briefs. Plaintiffs had admitted that all other questions were moot, and had expressly abandoned them. The tendered pleading introduced entirely new causes of action, and, under all the circumstances, the sound discretion of the trial court was not abused when it was not permitted to be filed. Moore v. Damron, 157 Ky. 799, 164 S. W. 103; Taylor v. Payne, 276 Ky. 79, 122 S. W. 2d 964; Taulbee v. First National Bank of Jackson, 279 Ky. 153, 130 S. W. 2d 48.

On the issues raised by the substituted petition and the answer, the appellees took the deposition of Mrs. R. E. Crook. She testified that she had acted for many years as secretary and treasurer of the S. L. Crook Corporation at a salary duly fixed by the board of directors of the corporation, but that she had withdrawn only a small part of the salary and at the time the corporation paid her $1,500, which was used by her to pay for the Caldwell County land, it was indebted to her in the sum of $6,000 on salary account. Mrs. Crook also testified that the corporation was indebted to her in the sum of $1,700 for obligations of the corporation paid by her, $1,500 attorney fees paid to Bullitt & Middleton of Louisville, Kentucky, and $200 taxes. She borrowed the $1,700 with which she paid these corporate debts from R. J. Wigginton, and executed to him a mortgage on the Caldwell County land. She is supported in this respect by the testimony of Wigginton. The chancellor

found that the plaintiffs were not entitled to recover the $1,500 claim from Mrs. R. E. Crook, and a judgment was entered dismissing the action.

Having concluded that the so-called "Amended Reformed Petition" was properly rejected, the only questions left for determination are (1) Did the chancellor correctly interpret the opinion of this court on the fourth appeal; and (2) is his finding of facts concerning the $1,500 claim erroneous?

Upon return of the case after the fourth appeal, the appellants contended that this court, in its opinion, had directed judgment to be entered adjudging a lien on the 37-acre tract of land owned by Mrs. Crook. The opinion is not susceptible to such a construction. No proof had been taken by Mrs. Crook to show that the payment to her of $1,500 by the S. L. Crook Corporation was not a misappropriation of corporate funds, and this court merely held that in view of the condition of the record when the case was submitted a judgment against her was proper and a lien should have been adjudged, but due to the confused condition of the record the court expressly refrained from directing a judgment and remanded the case to be reheard by the chancellor. In the opinion it was said: "Ordinarily, when this court reverses a judgment rendered by a court of equity it will direct what order the chancellor should enter, thereby terminating the litigation. However, the record before us is in such confusion that we do not feel that we can with any degree of accuracy determine the proper judgment to be entered, and in such instances we have remanded the records with directions that they be put in intelligible form with permission to the parties to take additional proof and for the chancellor to rehear the cases."

Later in the opinion it was said: "There are seven amended petitions in the record and we suggest that plaintiffs file a substitute petition wherein they succinctly set out their cause of action. Defendants' answer should be confined to the averments of the substituted petition, setting up any new matter deemed necessary to properly present their side of the case. In this manner the parties could raise the issue in comparatively few pages of pleadings. Each side should be allowed

to take proof, or such additional proof as may be thought necessary.''

There can be no question of the correctness of the chancellor's finding of facts. The testimony of Mrs. Crook and Wigginton is uncontradicted, and whatever suspicion may attach to the transaction between Mrs. Crook and the S. L. Crook Corporation by reason of the condition of the corporation's books, it is not sufficient to overcome the testimony of unimpeached witnesses.

The judgment is affirmed.