Ray ARMSTRONG, Individually and as General Organizer, etc., et al., Appellants,

v.

Cecil BIGGS et al., Appellees.

Court of Appeals of Kentucky.

Jan. 28, 1955.

Mahlon R. Shelbourne, Francis T. Goheen and J. S. Freeland, Paducah, for appellants.

J. J. Grace, Roy N. Vance and Andrew J. Palmer, Paducah, for appellees.

STANLEY, Commissioner.

The case calls in review the action of the trial court denying further time for the taking of depositions of adverse parties litigant, striking their pleadings for failure to appear, and rendering summary judgment against them as by default.

Cecil Biggs and others, individually and "on the behalf of all the members of Local Union No. 595 of the International Association of Bridge, Structural and Ornamental Iron Workers," sued a number of men as officers and representatives of the International Association of Bridge, Structural and Ornamental Iron Workers. Among the defendants were Ray Armstrong, Charles Hobbs, and Juel Drake. The object of the suit is to restrain and enjoin the defendants "and all other persons in active concert or participation with them" from doing certain acts, which, collectively, interfered with the local union and its activities.

The plaintiffs on May 13, 1954, served notice by mail upon the attorneys for the defendants, CR 5.02, that they would take the depositions upon oral examination of Armstrong, Hobbs and Drake at ten o'clock A.M. May 17, at the courthouse in Paducah. The addresses of these parties were given as Cairo, Illinois, or St. Louis, Missouri, or (of Drake) LaMesa, California. It will be noted that the intervening time was only four days, including Sunday. On the same day of the service, May 13, the defendants served notice of the filing on that day of their motion, to be heard at nine o'clock A.M. May 17 before the Judge of the Mc-Cracken Circuit Court (a) to extend the time of taking of such depositions "to some reasonable future date"; (b) to change the place of the taking either to St. Louis or to the respective cities in which the parties resided; or (c), in the alternative, to provide that the depositions should be taken on written interrogatories. The supporting affidavit stated that Armstrong was a resident of Dayton, Ohio; Hobbs was a resident of Chattanooga, Tennessee; and Drake, of LaMesa, California; that none of the men had been in Kentucky since the serving of the notice and that Drake had previously made certain engagements to conduct wage negotiations in Bakersfield, California, on May 18 and 19. It was further stated that on May 18 a hearing had been set in the United States District Court in Bowling Green on a certain motion of defendants in what seems to be a collateral suit between these same parties.

On May 20 the court entered an order which recited that a hearing on the defendants' motion was had on the 17th. This order overruled the motion because "the moving parties have been held in contempt of court in this case and have not purged themselves of said contempt and, therefore, are not entitled nor permitted to file any pleadings in said case, and said pleadings which were lodged or filed by the defendants are hereby stricken." The striking of the pleadings was sua sponte for there had been no motion that this be done. On July 9 a Judge of this court issued a writ temporarily prohibiting the circuit court from doing anything further against the defendants in the contempt proceeding referred to in that court's order of May 20. Meanwhile, on July 6 the plaintiffs filed a motion to strike the defendants' pleadings and to enter a final judgment as prayed in their complaint. The ground of the motion was that the defendants had not appeared to give their depositions at the time and place stated in the notice, that is, on May 17 in Paducah.

Thereafter, on July 14 on the court's own motion, he corrected his order of May 20 so as to include as a ground for denying further time and change of place for the taking of depositions that it would not work a hardship on any of them to appear on the 17th. On that same day, the 14th, the defendants filed an answer and counterclaim. Then the court sustained the plaintiffs' motion to strike the defendants' pleadings and for judgment. The order recites that

the previous contempt convictions would not be considered as a ground for the action of the court, and that it was based on the fact that the defendants had not given adequate reasons for changing the time or place of taking the depositions and had wilfully failed and refused to appear. A final judgment was entered which permanently enjoins the defendants in accordance with the prayer of the complaints.

Civil Rule of Practice 26.01 authorizes the taking of the oral deposition of an adverse party, and CR 30.01 provides, "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." CR 37.05 provides, inter alia, that if a party "wilfully fails to appear" for the giving of his deposition, "the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter judgment · by default against that party."

It seems to be the settled construction of the like Federal Rule that it is incumbent on a party to the action to appear at the taking of his deposition without being served with a subpoena, for adequate sanctions are provided in Rule 37.05 in the event he fails to respond. Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956. This is not true as to a party's employees, who must be subpoenaed. Moore's Federal Practice, 2d ed., Sec. 26.10.

In the present case we have the adverse parties, whom the notifiers themselves stated were in Illinois or Missouri or California, called upon to appear in Paducah, Kentucky, in three days (excluding Sunday) and give their testimony. By their counsel these parties immediately took action, specifically, authorized by CR 30.02, to have the time extended and a more convenient place fixed for their appearance. They showed conditions and circumstances which seem to afford a greater reason for extending the time even than that revealed by the face of the notice. These statements must be accepted as established facts in the absence of a denial. The court was author-

ized in its discretion to make such change "for cause shown". CR 6.02. We need not consider the matter of the place (but see CR 30.02) for the matter of time is sufficiently determinative.

"Reasonable notice" for the appearance of the party imports reasonable opportunity to conform. It means in this relation such length of time as may fairly, properly and reasonably be allowed or required, regard being had for all the attending circumstances. These, of course, comprehend distance of travel and the customary means thereof, time for preparation and due regard for the convenience and prior engagements of counsel and witnesses. In interpreting the rule it is generally said that unless there are special circumstances, at least five days notice should be given and one additional day given for each 300 miles of travel. See Clay, CR 30.01 (Comment 3); Moore's Federal Practice, 2d Ed., v. 4, p. 2015. However, these periods may under some conditions be unreasonably long. As furnishing something of a guide, we think regard may be had for the time-honored provision as to reasonable notice to take depositions which was laid down in our former Civil Code of Practice, Sec. 567. We have been used to that.

The present notice strikes us very forcefully as having been unreasonable. We think the trial court abused a discretion in at least not extending or enlarging the time set for the taking of the depositions.

Resting upon the ruling of the trial court denying such extension of time—made three days after the day had passed—is the final order striking all of the defendants' pleadings, particularly their answer and counterclaim, and rendering judgment against them as by default.

The action of the court was taken under the provision of CR 37.05 above quoted. It is to be noted that this rule may be applied only when "a party wilfully fails to appear" after being served with notice. We may note that we had a provision in our Civil Code of Practice, § 151, which authorized a court to dismiss a petition or strike out a

pleading on the failure to answer interrogatories annexed to a pleading of the adverse party. But throughout the hundred years in which the provision was in the book it does not appear in the records of this court that it was ever applied. It is adverted to in Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836, where the court struck the pleadings for persistent and flagrant contumacy and disobedience of orders to parties to give their depositions as on cross-examination and to produce certain records. We recognized the power of the court to do so, but felt it should not have been done without the defendants being put on terms and given warning. But the radical change in the practice and new procedural rules—pertinently CR 37.05—makes decisions of the past of little value as controlling precedents, although they may be of influence.

■ The potentialities of the Rule require that it not be applied so as to afford criticism of the action of the court as oppressive or as constituting denial of due process of law by depriving a litigant of his day in court. See Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; and Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 376, 53 L.Ed. 530, 15 Ann.Cas. 645, which are regarded as landmark cases. The Hovey case holds it to be a denial of due process of law to punish a party for contempt by striking his answer and rendering a default judgment against him. In the Hammond opinion, which construed an Arkansas statute requiring the production of documents and witnesses for examination by order of court on pain of the pleadings being stricken for disobedience, the Supreme Court interpreted the statute as necessarily contemplating "'an honest effort to produce the testimony called for.'" Said the Court: "'When that is made, then the statute is complied with; when it is not, as in this case, where the defendant corporation refused to obey any part of the order, then the statute is not complied with'".

In National Union of Marine Cooks and Stewards v. Arnold, 348 U.S. 37, 75 S.Ct. 92, opinion of November 22, 1954, construing Hovey v. Elliott, supra, the court, by a majority decision, noted a distinction between striking a pleading as punishment for contempt and doing so because of a litigant's failure to produce evidence and of his violation of a rule of procedure. And it was said in Peitzman v. City of Illmo, supra, 8 Cir., 1944, 141 F.2d 956, 961, that Federal Rules of Civil Procedure, Rule 37(d), 28 U.S.C.A. (which our Rule 37.05 is like) "recognizes this distinction and provides that parties to an action who wilfully fail to attend and submit to examination on proper notice to take their depositions, become subject to the exercise of the power vested in the trial court to strike their pleadings and to enter judgment by default."

■ In the case at bar the attitude and prompt action of counsel for the defendants, coupled with submission of a reasonable excuse, indicated willingness rather than wilfullness. And it is significant that the court delayed ruling on the motion for enlargement of time until after the designated time had passed by three days. It seems to us the court abused a judicial discretion in denying further time and in imposing the drastic penalty.

Obviously, the course of events has disposed of the notice to take the defendants' depositions last May and their motions for change in time and place. The plaintiffs will have to start anew if they should desire now to take the depositions.

The judgment striking the defendants' pleadings and awarding the injunction is reversed to be vacated in its entirety. The interlocutory order of May 20, to the same effect, in part, should likewise be set aside.

Judgment reversed.